**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TO JI THEN, | No. 11-71669 |
| Petitioner, | Agency No. A099-740-700 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

To Ji Then, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Because our review is limited to the administrative record, we do not consider the religious freedom reports Then submitted. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc); *cf. Gafoor v. INS*, 231 F.3d 645, 655-57 (9th Cir. 2000). We deny Then's motion for judicial notice and deny the government's motion to strike.

Among other things, Then testified that he faced mistreatment in elementary and high school, suffered a beating near his church, and had to pay bribes to government officials. These incidents, even considered cumulatively, do not compel a finding of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (lifetime of harassment and mistreatment including beating and threats of harm or death was not "so severe as to compel a finding of past persecution"). Further, substantial evidence supports the BIA's finding that Then did not show the harms to his parents and brother were directed at him. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (harms to associates that were not part of a pattern of persecution closely tied to petitioner did not compel finding of past persecution). In addition, substantial evidence supports the

BIA's finding that Then failed to establish a well-founded fear of persecution, even under a disfavored group analysis, because he did not demonstrate sufficient individualized risk. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to show he was individually targeted or likely to be individually targeted where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). We reject Then's request that the court reconsider its stance regarding a pattern or practice of persecution.

Because Then failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the BIA's denial of CAT relief because Then failed to establish it is more likely than not that he will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**

11-71669